**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**STEVE SHEA DEASE, #313175**

                **Petitioner,**

**v.**                                                          **2:05CV225**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

                **Respondent.**

**FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The petition alleges violation of federal rights pertaining to petitioner's convictions on August 19, 2002, in the Circuit Court for the City of Williamsburg, Virginia, for two counts of robbery, two counts of abduction, and four counts of use of a firearm in the commission of a felony, as a result of which he was sentenced to serve twenty years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on September 30, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on October 17, 2005, a document entitled "Response to Magistrate Judge's Report and Recommendation," which is construed as objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed September 30, 2005.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and recommendations, his objections are without merit.  Petitioner "concedes that the attorney must have a broad discretion as tow [sic] how to challenge a case and present the evidence . . ."  (Resp. to Magistrate Judge's Report and Recommendation at 2.)  Petitioner then goes on to challenge the effectiveness of counsel's representations by attacking the manner in which counsel chose to deal with the issue of petitioner's left-handedness and with the failure of the store clerk to identify petitioner as being present when the gun was purchased by petitioner's co-defendant.  In each instance, defense counsel's trial strategy is deserving of consideration.

The record reveals that defense counsel very appropriately considered the testimony of each of the witnesses.  In each instance, counsel's examination was appropriate, not perfect.

The Supreme Court of Virginia gave appropriate consideration to defense counsel's affidavit that stated that petitioner never told her he was left-handed, and petitioner admits that the information came to her attention only during the course of the trial.  Counsel's judgment as to how to use such information, arriving during the course of trial and in the absence of an opportunity to corroborate, suggests that the Court respect her strategy decision in choosing not to pursue the issue on cross-examination.  Petitioner has failed to show that counsel's failure was

deficient or that there is a reasonable probability that but for counsel's alleged error, the result of the proceeding would have been different.

To the extent that petitioner objects to the failure of counsel to present the testimony of the clerk from the store where the gun used in the robbery was purchased, the objection is without merit. The record makes clear that counsel's tactical decision to not use the testimony of the clerk was based upon her decision not to risk an in-court identification of petitioner, who the clerk had already acknowledged he could not identify. Counsel's decision was appropriate, based on the facts known to her at the time.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for respondent.

_____/s/_____
**WALTER D. KELLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**
**November 17, 2005**